## STATE OF MARYLAND COMMISSION ON HUMAN RELATIONS *v.* PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 134, September Term, 1978.]

*Decided May 25, 1979.*

The cause was argued on the motion to dismiss before SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Risselle Rosenthal Fleisher, General Counsel,* for appellant.

*David S. Bliden, Associate County Attorney,* with whom was *Robert B. Ostrom, County Attorney,* on the brief, for appellees.

PER CURIAM:

We granted the writ of certiorari in this case in order that we might review the opinion of the Court of Special Appeals in *Prince George's Co. v. St. Comm'n,* 40 Md. App. 473, 392 A. 2d 105 (1978), and address ourselves to a number of questions of public importance. They involve the statute governing the Commission on Human Relations, Maryland Code (1957, 1979 Repl. Vol.), Art. 49B, and its interrelationship with the statute known as the "Law Enforcement Officers' Bill of Rights," Code (1957, 1976 Repl. Vol., 1978 Cum. Supp.), Art. 27, §§ 727-734D.

The specific controversy before us revolves around an attempt by the Commission to obtain certain records of the Police Department of Prince George's County in connection with one of the Commission's investigations.

Since we granted the writ of certiorari the County has advised that it has turned over to the Commission so much of the records sought as ever actually existed. Accordingly, it has moved to dismiss on the ground that the cause is now moot. The Commission asserts it has not received all of the records which certain documentary evidence would seem to indicate might possibly have existed at one time. At oral argument on the motion before us, the County expressed its

willingness to deliver to the Commission all records it has which the Commission seeks.

We are of the view that a determination of whether records exist or ever existed can only be made by a trier of fact and not by an appellate tribunal. Accordingly, we shall, pursuant to Maryland Rule 871 a, vacate the judgment of the Court of Special Appeals and remand the case to that Court for further remand to the Circuit Court for Prince George's County to determine the existence in the past and at the present time of records sought but not delivered. If any of such records do exist, then under the County's agreement they must be delivered to the Commission. Obviously, this action leaves open the issues decided in the opinion of the Court of Special Appeals.

> *Judgment of the Court of Special Appeals vacated and case remanded to that court for further remand to the Circuit Court for Prince George's County for further proceedings consistent with this opinion; appellees to pay the costs; mandate to issue forthwith.*